IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HENDERSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 07-3016-CV-S-ODS-P |
| ) | Crim. No. 04-03120-01-CR-S-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION DENYING PETITION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255

On November 23, 2004, Movant pled guilty to one count of being a felon in possession of a firearm. On June 15, 2005, Movant was sentenced to 180 months imprisonment. Movant did not file an appeal, and his conviction became final on June 25, 2005. On January 8, 2007, Movant filed a Motion for Postconviction Relief (Doc. #1).

A motion filed pursuant to 28 U.S.C. §2255 must be filed within one year of "the date which a judgment of conviction becomes final." Because Movant's judgment became final on June 25, 2005, any motions for postconviction relief should have been filed on or before June 25, 2006. Movant admits his motion is filed out of time, but asserts he was under disability for "about six months" as a result of a car accident prior to his incarceration. The doctrine of equitable tolling is only appropriate in instances where extraordinary circumstances beyond a petitioner's control prevent timely filing. E.J.R.E. v. United States, 453 F. 3d 1094, 1098 (8th Cir. 2006). The petitioner must also demonstrate he acted with due diligence in pursuing his petition. Id.

On October 14, 2005, Movant was involved in an automobile accident. On October 19, 2005, Movant was hospitalized and underwent brain surgery. On November 14, 2005, he was discharged to Cox Walnut Lawn Rehabilitation Center. Movant self-surrendered on May 1, 2006. However, beyond medical records establishing dates for medical procedures, Movant presents nothing to the Court which establishes he was disabled and therefore unable to timely file his petition. Movant

argues he was disabled for "about six months." Even if this period of disability began when he was released to the rehabilitation center, his disability would have been resolved by May 14, 2006. Movant delayed another eight months before filing the instant motion, which cannot be considered "due diligence." Moreover, if the Court gives Movant the benefit of his disability beginning at the date of his self-surrender, his disability would have been resolved by November 1, 2006. Another two months passed before Movant filed his motion. Accordingly, Movant's request for postconviction relief is denied as untimely.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: July 6, 2007　　　　　　　　　　UNITED STATES DISTRICT COURT